UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH D. FOSS,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF NEW BEDFORD, and<br>TALLAGE DAVIS, LLC,<br><br>        Defendants. | Civil Action No. 22-10761 |

## NOTICE OF REMOVAL

To the Clerk of the United States District Court for the District of Massachusetts and to the Plaintiff, Deborah D. Foss, and her attorneys of record:

**PLEASE TAKE NOTICE** that the City of New Bedford ("City") hereby removes the instant action from the Massachusetts Superior Court for Bristol County, where it was assigned Civil Action No. 2273-cv-00243B (the "State Court Action"), to the United States District Court for the District of Massachusetts. Defendant Tallage Davis, LLC ("Tallage"), the only other named defendant in the State Court Action, consents to the removal.[1] Removal to this Court is proper because the Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Further, the State Court Action is removable to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

---

[1] "Defendants" refers to both the City and Tallage.

1

**STATE COURT ACTION PLEADINGS AND PROCESS**

1. On March 29, 2022, Plaintiff[2] initiated the State Court Action by filing her Complaint in the Massachusetts Superior Court for Bristol Count. Copies of the Complaint and the Civil Action Cover Sheet filed in the State Court Action are attached as Exhibit 1.

2. Shortly after filing her Complaint, Plaintiff moved for the *pro hac vice* admission of Joshua Polk, Esq., which was allowed by the Superior Court on March 31, 2022. See Exhibit 2.

3. Plaintiff also filed an Affidavit of Compliance with G.L. c. 231A, § 8, notifying the Attorney General of her declaratory judgment claim under G.L. c. 231A, § 1, challenging the constitutionality of certain provisions of G.L. c. 60 (Exhibit 3), a Certificate of Service providing copies of this Affidavit of Compliance to Defendants (Exhibit 4), and an Affidavit of Service attesting to service of the Summons and Complaint on the City on April 19, 2022 (Exhibit 5).

4. In the Complaint, Plaintiff asserts various causes of action arising from the tax-lien foreclosure of her former residential property located in the City. Plaintiff alleges that she was wrongfully deprived of "surplus value" in her former home when the property was ultimately sold by Tallage, as the assignee of the City's tax title to the property.

5. Plaintiff alleges that the statutory scheme pursuant to which the City and Tallage pursued their rights, enacted as G.L. c. 60, § 1, *et seq.*, is unconstitutional as applied to her and seeks relief against the City and Tallage under various provisions of the United States Constitution and the Massachusetts Declaration of Rights.

---

[2] Plaintiff filed the State Court Action in her personal capacity even though the Complaint makes clear that any right she may have had in the subject property would have been in her capacity as trustee of the Valentine Realty Trust. See Exhibit 1 at 2.

**THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1331**

6. Plaintiff seeks declaratory relief, as well as monetary damages. Specifically, Plaintiff seeks a declaration that the Massachusetts statutory scheme is unconstitutional under the Fifth and Eighth Amendments to the United States Constitution, as applied to the states through the Fourteenth Amendment, and under the statutory authority of 42 U.S.C. § 1983. With respect to these alleged violations of the United States Constitution, Plaintiff also seeks $232,373.81 in damages – representing the "surplus value" of her former home that she claims she lost as a result of the tax-lien foreclosure process under the provisions G.L. c. 60. See Exhibit 1 at ¶¶ 9-40.

7. This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. § 1331(a) because they arise "under the Constitution, law, or treaties of the United States."

**THIS COURT HAS SUPPLEMENTAL JURISDICTION PURSUANT TO 28 U.S.C. §1367**

8. Similarly, Plaintiff seeks a declaration under state law that certain provisions of G.L. c. 60, *et seq.*, are unconstitutional under art. 10 and art. 26 of the Massachusetts Declaration of Rights, and G.L. c. 79, § 14, as well as monetary damages for her alleged loss of the "surplus value" in her former property.

9. This Court has supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(a) because they "form part of the same case or controversy under Article III of the United States Constitution."

## REMOVAL IS TIMELY AND PROPER

10. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely because it is filed within 30 days of when the City was served and first received a copy of the Summons and Complaint. See Exhibit 5.

11. Tallage consents to the removal of the State Court Action as required by 28 U.S.C. § 1446(b)(2)(A).

12. Pursuant to 28 U.S.C. § 1446(a), the City has requested certified copies of all records and proceedings in the Action, together with a certified copy of the docket sheet for the State Court Action, and will file these with this Court within 28 days of the filing of this Notice of Removal, in accordance with Local Rule 81.1(a).

13. Promptly upon the filing of this Notice of Removal, the City will serve copies on counsel for Plaintiff and Tallage, and will file a Notice of Filing Notice of Removal with the Clerk of the Massachusetts Superior Court for Bristol County as required by 28 U.S.C. § 1446(d).

## VENUE IS PROPER

14. The State Court Action was originally filed in the Massachusetts Superior Court for Bristol County, which sits in this federal judicial district and division, rendering venue proper under 28 U.S.C. § 1441(a).

15. For all the foregoing reasons, removal of the State Court Action to this Court is proper and timely.

16. By filing this Notice of Removal, the City does not waive any defenses that may be available to it in this lawsuit.

**WHEREFORE**, the City hereby gives notice that all further proceedings in this matter shall take place in the United States District Court for the District of Massachusetts, unless and until held otherwise by that Court.

| | |
|---|---|
| Dated: May 17, 2022 | CITY OF NEW BEDFORD,<br><br>By its attorneys,<br><br>*/s/ Christine M. Netski*<br>Christine M. Netski (BBO No. 546936)<br>netski@sugarmanrogers.com<br>Tristan P. Colangelo (BBO No. 682202)<br>colangelo@sugarmanrogers.com<br>SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.<br>101 Merrimac Street, Suite 900<br>Boston, MA 02114-4737<br>(617) 227-3030 |
| CONSENT TO REMOVAL | TALLAGE DAVIS, LLC<br><br>By its attorney,<br><br>*/s/ Jonathan M. Silverstein*<br>Jonathan M. Silverstein (BBO No. 630431)<br>jms@BBHSlaw.net<br>Blatman, Bobrowski, Haverty & Silverstein, LLC<br>9 Damonmill Sq. Ste. 4A4<br>Concord, MA 01742<br>(978) 371-2226 |

## **CERTIFICATE OF SERVICE**

I, Tristan P. Colangelo, hereby certify that on the 17th day of May, 2022, I served the foregoing upon the other parties to this action by causing copies thereof to be sent by first-class mail and email, to the following:

| | |
|---|---|
| Jonathan Houghton, Esq. | Jonathan M. Silverstein, Esq. |
| JHoughton@pacificlegal.org | jms@BBHSlaw.net |
| Joshua Polk, Esq. | Blatman, Bobrowski, Haverty & Silverstein, LLC |
| JPolk@pacificlegal.org | 9 Damonmill Sq. Ste. 4A4 |
| Christina M. Martin, Esq. | Concord, MA 01742 |
| CMartin@pacificlegal.org | (978) 371-2226 |
| Pacific Legal Foundation | |
| 555 Capital Mall, Suite 1290 | |
| Sacramento, CA 95814 | |

*/s/ Tristan P. Colangelo*
Tristan P. Colangelo

4869-9150-7999, v. 4